United States District Court
Southern District of Texas
**ENTERED**
January 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CONSTANCE PATTERSON MOTLEY | § § | |
| Plaintiff. | § § | |
| VS. | § § § | CIVIL ACTION NO. 3:18–CV–00090 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Constance Patterson Motley ("Motley") seeks judicial review of an administrative decision denying her disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*.

All dispositive pretrial motions in this case have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 12. Before the Court is Plaintiff's Motion for Summary Judgment ("Motley's Motion for Summary Judgment"). Dkt. 14. Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Commissioner"), filed a brief in response. Dkt. 18. Having considered the motion, responsive briefing, and applicable law, the Court **RECOMMENDS** that Motley's Motion for Summary Judgment (Dkt. 14) be **DENIED** and the decision of the Administrative Law Judge ("ALJ") be **AFFIRMED**.

## BACKGROUND

Motley filed a claim for social security disability benefits under Title II of the Act, alleging disability as of October 19, 2013. Motley's applications were initially denied and denied again upon reconsideration. Subsequently, an ALJ held a hearing and found Motley was not disabled. Motley filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## APPLICABLE LAW

Under the Social Security Act, individuals who have contributed to the program and have a physical or mental disability may apply for disability insurance benefits. *See* 42 U.S.C. § 423. Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's factual findings are supported by substantial evidence. *See Garcia v. Berryhill*, 800 F.3d 700, 704 (5th Cir. 2018). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance." *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987) (citation omitted). "If the Commissioner's findings are supported by substantial evidence, they must be affirmed." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "Procedural perfection in administrative proceedings,

however, is not required." *Jones v. Colvin*, 638 F. App'x 300, 302 (5th Cir. 2016) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)) (internal quotation marks omitted).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (citation, internal quotation marks, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Salmond*, 892 F.3d at 817 (citation omitted). "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity ('RFC'). The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record. The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Kneeland*, 850 F.3d at 754 (internal quotation marks and citations omitted).

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision. *See Newton*, 209 F.3d at 455. *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196

(1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Motley had not engaged in substantial gainful activity since October 19, 2013.

The ALJ found at step two that Motley had the following severe impairments: osteoarthritis of the bilateral knees, osteoarthritis, osteonecrosis of the humeral head of the left shoulder, and rheumatoid arthritis.

At step three, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of step four, the ALJ assessed Motley's RFC, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally lift overhead and reach to the front and laterally, with her left non-dominant upper extremity; and can frequently handle and finger, bilaterally.

Dkt. 11-3 at 25. At step four, based on this RFC, the ALJ found that Motley is capable of performing past relevant work as a manager of customer service because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual

functional capacity." *Id.* at 33. Accordingly, the ALJ determined that Motley was not disabled under the Act and was not entitled to benefits.

## DISCUSSION

This appeal raises two issues: (1) whether the ALJ failed to properly weigh the opinion of treating physician Vishalakshmi Batchu, M.D. ("Dr. Batchu") when determining Motley's RFC; and (2) whether the Appeals Council erred when it determined new opinion evidence submitted by Motley was not material. The Court addresses each issue in turn.

### A. OPINION OF TREATING PHYSICIAN

Motley claims that, when determining her RFC, the ALJ improperly afforded Dr. Batchu's opinion too little weight. Motley argues that the Social Security Administration's policy is to "always give greater weight to a treating source's opinion than to the opinions of non-treating sources" and the ALJ erred when she did not "identify another treating or examining physician's opinion that contradicted [Dr. Batchu's] opinion and did not apply the 20 C.F.R. §404.1527 factors." Dkt. 15 at 18.

The Commissioner responds that the ALJ properly considered Dr. Batchu's opinion when she afforded the opinion little weight. The Commissioner contends that the ALJ supported her reasons for rejecting Dr. Batchu's conclusions by citing the treating records and other medical evidence on file. Moreover, the Commissioner argues that the ALJ is free to assign little or no weight to the opinion of any physician for good cause.

In her reply, Motley claims the ALJ may reject the opinion of a treating physician "only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in [20 C.F.R. § 404.1527(c)(2)]." Dkt. 19 at 3 (citing *Kneeland*, 850 F.3d at

5

760). Motley asserts that the ALJ not only failed to apply the Section 404.1527(c) factors, but also failed to point to an examining or treating source who gave a conflicting opinion about Motley's ability to work. Motley argues that the ALJ's RFC determination is not supported by substantial evidence and asks the Court to overturn the ALJ's finding that Motley is not disabled.

**Requirements for Giving Weight to a Treating Physician:** Generally, the opinion of a claimant's treating physician is entitled to great weight. *See Newton*, 209 F.3d at 455–56; *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The Fifth Circuit has established that "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" *Martinez v. Chater*, 64 F.3d 172, 175–76 (5th Cir. 1995) (quoting 20 C.F.R. § 404.1527(d)(2)).[1] However, "[a]n ALJ is free to reject a physician's opinion when good cause exists. 'Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.'" *Giles v. Astrue*, 433 F. App'x 241, 246–47 (5th Cir. 2011) (quoting *Newton*, 209 F.3d at 455). If good cause arises,

---

[1] The Court notes that the Social Security Administration published a new rule, applicable to claims filed on or after March 27, 2017, which eliminated the rule that treating sources be given controlling weight. *See* 20 C.F.R. § 404.1520c. However, because Motley filed her claim before March 27, 2017, the pre-amendment version of the rule applies here. *See* 20 C.F.R. § 404.1527 ("For claims filed . . . before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in § 404.1520c apply.").

6

the treating physician's opinions are "not only not conclusive in these proceedings, but may be rejected when the evidence supports a contrary conclusion." *Johnson v. Astrue*, No. 4:11-CV-03652, 2013 WL 5785600, at *9 (S.D. Tex. Apr. 10, 2013) (internal quotation marks and citations omitted).

The Social Security Administration's regulations provide that the ALJ "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). In the event the ALJ determines that the treating physician's opinion is not entitled to controlling weight, the regulations require the ALJ to consider six specific factors to assess the weight to be given to the opinion of a treating physician. *See* 20 C.F.R. § 404.1527(c). Specifically, the ALJ must consider six factors: (1) examining relationship; (2) treatment relationship; (3) supportability of the medical opinion; (4) consistency; (5) specialization of the physician; and (6) other factors (often referred to as the "*Newton* factors"). *See id. See also Newton*, 209 F.3d at 456 (stating the Fifth Circuit requires consideration of each of the 20 C.F.R. § 404.1527(c) factors).

**ALJ's Reasons for Assigning Dr. Batchu's Opinion Little Weight:** Dr. Batchu began treating Motley on March 20, 2015, and continued to treat Motley through at least the date of the ALJ's decision. Motley asked Dr. Batchu to complete a Medical Source Statement ("Dr. Batchu's First Opinion"), which he completed on March 14, 2017. Dr. Batchu made the following assessments in his first statement: (1) Motley's repetitive use of hands is "negligible/none" for both her right and left hands and she can only engage in sustained handling, fingering, and bilateral manual dexterity 5-10% of the time; and (2) Motley's

7

repetitive use of arms—reaching in front, overhead, and to the side—is "negligible/none" for both her right and left arms. *See* Dkt. 11-12 at 2–3. Dr. Batchu further stated that due to Motley's advanced rheumatoid arthritis in both hands and degenerative changes in both shoulders, Motley's range of shoulder movements are "extremely limited." *Id*. at 4. According to Dr. Batchu, Motley's condition "existed and persisted with the[se] limitations" since "before 2013 and are progressively worsening." *Id*.

Although the ALJ acknowledged that Dr. Batchu was a treating physician, the ALJ assigned little weight to Dr. Batchu's First Opinion. Following a thorough examination of Dr. Batchu's medical notes, the ALJ expressly explained that Dr. Batchu's First Opinion is "not consistent with the treating records, other records in the file as described above, and is not consistent with what the claimant stated she is able to do" and "[t]he underlying progress notes do not support the assessment of extreme bilateral hand dysfunction." Dkt. 11-3 at 32.

**ALJ's Application of the Newton Factors:** Motley contends the ALJ erred when she failed to apply the *Newton* factors before rejecting Dr. Batchu's First Opinion about Motley's physical limitations. After careful review of the ALJ's decision, it is clear that she considered each of these factors.

Specifically, the ALJ discussed factors (1) examining relationship; (2) treatment relationship; and (5) specialization by recalling the details and diagnoses of numerous appointments between Motley and Dr. Batchu between March 2015 to August 2017. The ALJ acknowledged that Dr. Batchu was Motley's "primary care physician" and referred to him as "the claimant's treating physician." Dkt. 11-3 at 30, 32. Specifically, the ALJ referenced the following treatment notes:

8

> A treatment note from her primary care physician, Vishalakshmi Batchu, M.D., on May 13, 2016, stated the claimant had deformities on her hands, secondary to rheumatoid arthritis, but the neurological examination was normal. . . . Treatment notes from Dr. Batchu on August 30, 2016 did not mention any diagnoses of rheumatoid arthritis or osteoarthritis, and did not mention symptoms related to decreased hand function. . . . Physical examination by Dr. Batchu was unremarkable on December 29, 2016. . . . The more recent treatment notes from Dr. Batchu on March 14, 2017 stated the claimant had asked him to complete disability forms (which he did [ ]).

Dkt. 11-3 at 30–32. The record shows that the ALJ also considered factors (3) supportability and (4) consistency of Dr. Batchu's First Opinion:

> [T]he claimant's treating physician, [Dr. Batchu], opined the claimant has extremely limited use of her hands and arms, specifically that her use of hands for handling, bilateral manual dexterity, fingering, reaching in front, overhead, and laterally is reduced to negligible or none, bilaterally. . . . Pursuant to 20 CFR 404.1527(f) and 416.927(f), the undersigned considered the opinion and affords it little weight because the opinion is not consistent with the treating records, other records in the file as described above, and is not consistent with what the claimant stated she is able to do.

*Id.* at 32. Finally, the ALJ considered (6) other factors—specifically, the ALJ found that Dr. Batchu's First Opinion appeared to rely upon self-reports of the claimant and "is not supported by the medical record, neither based on [Dr. Batchu's] underlying treatment records, nor the records from the claimant's rheumatologist, Dr. Peer." *Id.* The Court finds that the record demonstrates that the ALJ satisfied the 20 C.F.R. § 404.1527 requirements in her decision denying Motley's disability claims.[2]

---

[2] In her rely brief, Motley relies on the Fifth Circuit's *Kneeland* opinion which states that an ALJ must perform a "detailed analysis" of the *Newton* factors before rejecting the opinion of a treating physician. Indeed, the ALJ performed the appropriate analysis. In *Kneeland*, the ALJ failed to even mention the examining physician's opinion and undoubtedly did not conduct a *Newton* factor analysis. Here, although the ALJ does not explicitly list the *Newton* factors, the ALJ certainly considered each of the factors. *See Jones v. Colvin*, 638 F. App'x 300, 304 (5th Cir. 2016) (holding Section 404.1527 analysis sufficient because "it is clear that [the ALJ] considered each . . . factor[]"); *Vybiral v. Barnhart*, 73 F. App'x 84, at *1 (5th Cir. 2003) (holding the ALJ "specifically considered

9

Moreover, Motley has failed to meet her burden of establishing that the ALJ's decision was unsupported by substantial evidence or that she used the incorrect legal standards to evaluate the evidence before her. *See Garcia*, 880 F.3d at 704. Motley, mistakenly, argues that "a treating source's opinion is always entitled to 'deference' and may be entitled to 'the greatest weight' even when it is not given controlling weight." Dkt. 15 at 20 (citations omitted). While a treating physician's opinion should, generally, be afforded great weight, an ALJ must consider the entire medical record in her disability determination. *See Martinez*, 64 F.3d at 176 (a treating physician's opinion must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence). An ALJ may assign a treating physician's opinion "little or no weight when good cause is shown." *Newton*, 209 F.3d 455–56. Here, as the Commissioner notes, Dr. Batchu's First Opinion is directly contradicted by his own contemporaneous clinical observations, as well as other contemporaneous medical notes from other examining physicians.

In making her RFC assessment, the ALJ also considered the medical notes of Dr. Batchu and Motley's other treating physicians; the opinions of two Social Security Agency consultative physicians; and other medical evidence in the record. While Dr. Batchu is the only treating physician that specifically offered an opinion regarding Motley's ability to perform certain physical activities in a competitive environment on a sustained and ongoing basis, the ALJ also discussed the opinion evidence of Kavitha Reddy, M.D. ("Dr. Reddy")

---

the *Newton* factors" when the ALJ included a discussion of the physician's qualifications and number of times he saw the claimant); *Cortez v. Astrue*, No. 4:10-CV-741-Y, 2011 WL 3701936, at *9 (N.D. Tex. Aug. 5, 2011) ("Moreover, although the ALJ was not required to give a detailed analysis of the *Newton* factors, he nevertheless implicitly acknowledged each factor in his decision.").

and Randal Reid, M.D. ("Dr. Reid"), both Social Security Agency consultative physicians.[3] Dr. Reddy completed a physical residual functional capacity form on March 27, 2015, and determined that Motley had "unlimited" ability to handle, finger, and feel in both her hands and "limited" ability to reach in any direction (including overhead). Dkt. 11-4 at 15. The ALJ afforded Dr. Reddy's opinion great weight because the "opinion is consistent with the evidence of record and therefore persuasive." Dkt. 11-3 at 31. The ALJ also considered Dr. Reid's assessment which concluded that Motley does not have a severe impairment but assigned the opinion little weight because "evidence received at the hearing level shows that the claimant has severe impairments." *Id.* at 32. Moreover, the ALJ thoroughly discussed the treatment notes of Motley's treating rheumatologist, treating nephrologist, and other primary care physician and concluded that the overall medical record conflicted with Dr. Batchu's First Opinion. "Under the regulations and our case law, the determination of residual functional capacity is the sole responsibility of the ALJ," and the Court finds that substantial evidence supports the ALJ's decision.[4] *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012).

---

[3] Motley objected to the opinion of a third Social Security physician, Shanti Powell, M.D. ("Dr. Powell"), because Dr. Powell failed to respond to the subpoena for her appearance at the hearing and the post hearing interrogatories. The ALJ granted Motley's request to exclude Dr. Powell's report from consideration in her decision.

[4] Motley further contends that because the ALJ relied on an RFC that was not supported by substantial evidence, the vocational expert's testimony is not substantial evidence. Because this Court has determined that the ALJ's RFC determination was supported by substantial evidence, the Court also finds that the ALJ did not err in her hypothetical question to the vocational expert.

### B.  APPEALS COUNCIL'S CONSIDERATION OF NEW EVIDENCE

Next, Motley contends the Appeals Council erred when it excluded a second medical source statement from Dr. Batchu. Following the ALJ's decision that Motley was not disabled, Motley submitted, for the first time, two pages of interrogatory answers dated August 1, 2017 by Dr. Batchu ("Dr. Batchu's Second Opinion") as "new evidence" to the Appeals Council. In Dr. Batchu's Second Opinion, he confirmed that Motley was diagnosed with rheumatoid arthritis; stated that the findings from a March 30, 2015 MRI report were consistent with the limitations Dr. Batchu assessed in his March 2017 opinion; and clarified that his March 2017 opinion was "based on [his] examinations; [his] knowledge of her condition, [his] knowledge of her type of medical conditions and [his] review of other medical records from her rheumatologist." Dkt. 11-3 at 16–17.

The Appeals Council excluded Dr. Batchu's Second Opinion, stating:

> You submitted interrogatories from Vishalakshmi Batchu, M.D., dated August 1, 2017 (2 pages). The Administrative Law Judge decided your case through July 12, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 12, 2017.

Dkt. 11-3 at 2.

The Social Security regulations permit claimants to submit new evidence to the Appeals Council when requesting review of the ALJ's decision. *See* 20 C.F.R. §§ 404.970(b), 404.976(b)(1). The Appeals Council is supposed to consider all evidence in the record, as well as any new and material evidence it receives which relates to the period on or before the date of the ALJ's decision, in deciding whether to grant a claimant's request for review. *See* 20 C.F.R. §§ 404.976(b).

Cutting to the chase, the Appeals Council was wrong to exclude Dr. Batchu's Second Opinion from consideration solely because the newly submitted evidence was dated after the date of the ALJ's decision. Although Dr. Batchu's Second Opinion was dated August 1, 2017, it clearly contained information related to Motley's condition prior to the date of the ALJ's award. *See Negus v. Comm'r of Soc. Sec. Admin.*, Case No. 4:12-CV-643; 2014 WL 1267259, at *8 (E.D. Tex. Mar. 27, 2014) ("The fact that Dr. Harrison's opinions were completed after the ALJ's decision is immaterial [when the opinions relate to the period on or before the date of the ALJ's decision].").

Even if the Appeals Council erred by finding that Dr. Batchu's Second Opinion did not relate to the period before the ALJ's ruling, any such error qualifies as harmless under the circumstances of this case. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (applying harmless error analysis in disability benefits context). "No principle of administrative law or common sense requires us to remand a [Social Security] case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). *See also Jones*, 638 F. App'x at 302 ("Procedural perfection in administrative proceedings, however, is not required.") (internal quotation marks and citation omitted).

Because there is substantial evidence to support the ALJ's findings, the Court does not find any procedural error prejudicial to Motley's substantive rights. As already discussed, the ALJ afforded Dr. Batchu's First Opinion little weight because it was not supported by the medical evidence of record. It is undisputed that the ALJ determined that one of Motley's severe impairments is rheumatoid arthritis and Motley has some limitations resulting from

13

her condition. Simply because Dr. Batchu's Second Opinion reaffirmed Motley's diagnosis of rheumatoid arthritis will not change the ALJ's disability determination. The ALJ criticized Dr. Batchu's First Opinion stating that Dr. Batchu failed to provide "specific limitations or restrictions" and "relied on the claimant's self-report[s]." Dkt. 11-3 at 32. Dr. Batchu's Second Opinion seems to directly rebut these criticisms of the original opinion; however, a mere statement is not enough to overcome the ample medical evidence supporting the ALJ's decision. Even assuming that Dr. Batchu's First Opinion was based on evidence other than Motley's self-reports, the overwhelming factor in the ALJ's decision was the medical evidence from a variety of sources indicating that Motley had functional use of her hands. It is inconceivable that the ALJ would have reached a different conclusion on this record, even if the Appeals Council had reviewed Dr. Batchu's Second Opinion. The Court, therefore, finds that the Appeals Council committed harmless error and remand is not required.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that Motley's Motion for Summary Judgment (Dkt. 14) be **DENIED** and the decision of the ALJ be **AFFIRMED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 25th day of January, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE